990 So.2d 788 (2008)
Patrick O'Neal COOK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-02166-COA.
Court of Appeals of Mississippi.
September 16, 2008.
*790 Patrick O'Neal Cook, pro se appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., ROBERTS and CARLTON, JJ.
ROBERTS, J., for the Court.
¶ 1. Following his guilty pleas in the Circuit Court of Pike County, Patrick O'Neal Cook filed a motion for post-conviction collateral relief (PCR) seeking to set aside his pleas. The trial court found Cook's motion to be without merit, and Cook now appeals to this Court. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Cook was indicted in cause numbers 04-005-KB (005), 04-006-KB (006), and 04-009-KB (009) by a Pike County grand jury. Cause number 006 contained one count that alleged Cook was guilty of unlawful possession of at least five kilograms but less than six kilograms of marijuana with the intent to distribute. Cause number 009 contained two counts and alleged that Cook was guilty of the unlawful sale of more than one ounce of marijuana and the unlawful possession of less than one ounce of marijuana with the intent to distribute. On March 11, 2004, Cook pled guilty to all charges in cause numbers 006 and 009.[1] Following his convictions, the trial court sentenced Cook in cause number 006 to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and ten years served on post-release supervision. The trial court also ordered Cook to pay a fine, restitution to the Mississippi Bureau of Narcotics (MBN), and to long-term alcohol and drug treatment. Additionally, through a separate sentencing order, the trial court sentenced Cook in cause number 009 to a total of twenty years in the custody of the MDOC, with ten years suspended and ten years served on post-release supervision to run concurrently with the sentence in cause number 006. The trial court also ordered Cook to pay a fine, restitution to the MBN, and long-term alcohol and drug treatment.
¶ 3. Approximately two-and-a-half years after his sentence was imposed, Cook filed a motion for PCR seeking to set aside his convictions. However, the trial court summarily denied Cook's motion. Cook now appeals and claims that: (1) his guilty pleas were involuntary; (2) he received ineffective assistance of counsel; (3) his sentences violate constitutional protections; and (4) the trial court, as well as Cook's attorney, failed to inform him of his ability to perfect a direct appeal of the sentences he had received.

ANALYSIS
¶ 4. Before addressing the merits of Cook's appeal, we begin with a procedural matter. Mississippi Code Annotated section 99-39-9(2) (Rev.2007) provides that "[a] motion [for post-conviction collateral relief] shall be limited to the assertion of a claim for relief against one (1) judgment *791 only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." In the style of his PCR motion, Cook listed 009 as the cause number to which he was requesting post-conviction collateral relief. However, within his PCR motion and brief on appeal to this Court, Cook raised issues surrounding not only cause number 009 but also cause numbers 006 and 005. However, pursuant to section 99-39-9(2), Cook is only able to challenge the validity of his conviction from one judgment per motion for post-conviction collateral relief. Therefore, our review of Cook's grievances will be limited to those surrounding his guilty plea associated with either cause number 006 or cause number 009, but not both. We note that while Cook listed cause number 009 in the style of his PCR motion, all issues raised within his PCR motion, and on appeal, appear to concern cause number 006, except for one. Therefore, we will proceed under the assumption that Cook intended to challenge his conviction in cause number 006.
¶ 5. Cook argues that the trial court erred in summarily dismissing his PCR motion. The trial court may dismiss a PCR motion without an evidentiary hearing, "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss. Code Ann. § 99-39-11(2) (Rev.2007). On appeal, we may not reverse the trial court's findings of fact unless they are clearly erroneous. Boddie v. State, 875 So.2d 180, 183(¶ 6) (Miss.2004). However, questions of law are reviewed de novo. Id.

I. WHETHER COOK'S GUILTY PLEA WAS VOLUNTARILY ENTERED.
¶ 6. Cook claims that his guilty plea in cause number 006 was involuntary as a result of improper conduct by agents of the MBN. Specifically, Cook alleges that agents of the MBN "advised [Cook] that they would cut his time if he confessed that the drugs belonged to him." However, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham[,] no hearing is required." Young v. State, 731 So.2d 1120, 1122-23(¶ 10) (Miss. 1999) (quoting Wright v. State, 577 So.2d 387, 390 (Miss.1991)). During his plea hearing in which Cook unequivocally stated that he was guilty of the charges against him, Cook was asked if "anyone threatened, abused[,] or promised [him] anything to cause [him] to want to plead guilty." Cook responded, "[n]o, sir." Therefore, we find that Cook's sole basis for his contention that his guilty plea was involuntary is completely contradicted by the record. As such, we find that this issue is without merit.

II. WHETHER COOK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. Cook next claims that his trial counsel rendered ineffective assistance of counsel. Cook alleges that:
defense counsel failed to properly represent Appellant Cook effectively by failing to investigate the indictment or object to the fact that the indictment was an illegal instrument. Additionally, defense counsel never conferred with Cook as to the contents of the promises made to him by the MBN [agents] in regards to a plea of guilty and admission of the charges.... Defense counsel should have adequately investigated the indictment, the pre-indictment provided to Cook by the MBN, and made appropriate *792 objections to the multiple counts in which [sic] the indictment set forth.
(Emphasis added).
¶ 8. In order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the familiar two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the convicted defendant must show that counsel's representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hannah v. State, 943 So.2d 20, 24(¶ 6) (Miss.2006) (internal citations omitted). In the case of a guilty plea, in order to satisfy the second prong, the petitioner must show that he would not have pled guilty, would have insisted on going to trial, and the ultimate outcome would have been different. See Hannah, 943 So.2d at 24(¶ 7).
¶ 9. We begin our analysis by noting that during his plea hearing, Cook was asked whether he was satisfied with his attorney's performance, and he responded that he was. We also note that Cook failed to attach any affidavits other than his own to support any of the allegations made in his petition as required by section 99-39-9(1)(e) (Rev.2007). Additionally, while it appears from the body of Cook's PCR motion and brief on appeal that he wishes to attack the judgment stemming from his guilty plea in cause number 006, the record is not populated with the indictment in cause number 006 as a result of the fact that Cook listed cause number 009 in the style of his PCR motion. Therefore, the record was populated with the two-count indictment in cause number 009, which we assume is referenced in the quote from Cook above, as opposed to the one-count indictment in cause number 006, which is referenced in the remainder of Cook's brief on appeal. Finally, and most fatal to Cook's position, Cook's first allegation of ineffective assistance of counsel stems from the conviction and sentence in cause number 009. Therefore, pursuant to section 99-39-9(2), as Cook's motion for PCR and brief on appeal concern the judgment and sentence in cause number 006, we do not have jurisdiction to hear this claim of error.
¶ 10. Cook also separately claims that his trial counsel was ineffective in failing to object to the "illegal indictments" in cause numbers 005 and 006. However, allegations of ineffective assistance of counsel cannot succeed unless a defendant "(1) cites specific instances in which the attorney was so deficient that he essentially was not acting as counsel, and (2) shows that those errors deprived the accused of a fair trial." Reynolds v. State, 913 So.2d 290, 302(¶ 50) (Miss.2005). Cook does not state why the indictments were illegal or any specific reason why his trial attorney would have been justified in objecting to them. In addition to the fact that the charges in the indictment for cause number 005 were nolle prosequied by the State, the record does not contain either indictment for this Court to examine. For these reasons, we find that this issue is without merit.

III. WHETHER THE TRIAL COURT ERRED IN FAILING TO INFORM COOK THAT HE HAD THE RIGHT TO APPEAL HIS SENTENCE.
¶ 11. Lastly, still under the general heading of ineffective assistance of counsel, Cook argues that the trial court erred in informing him during the plea hearing that by pleading guilty he gave up the right to file a direct appeal of "the actions of the [c]ourt." Cook argues that the trial court failed to inform him that the *793 right to directly appeal his sentence would still be available regardless of his plea of guilty. Mississippi Code Annotated section 99-35-101 (Rev.2007) provides that "[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Nevertheless, while a conviction from a plea of guilty may not be directly appealed, a defendant may directly appeal the sentence given as a result of that plea. Trotter v. State, 554 So.2d 313, 315 (Miss.1989).[2] However, a trial court is not required to inform a defendant who pleads guilty of his right to appeal the resultant sentence. Coleman v. State, 979 So.2d 731, 733(¶ 6) (Miss.Ct.App.2008). Thus, this issue is without merit.[3]
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] As part of his plea bargain with the State, cause number 005 was nolle prosequied.
[2] As of July 1, 2008, an amended section 99-35-101 reads, "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."
[3] We also note that the sentence Cook received as a result of his conviction in cause number 006 was well within the range statutorily allowed. See Miss.Code Ann. § 41-29-139(c)(2)(G).