996 So.2d 172 (2008)
Lionell Javon DYSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2008-CP-00379-COA.
Court of Appeals of Mississippi.
December 2, 2008.
Lionell Javon Dyson, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Lionell Javon Dyson was charged in the indictment with two counts of kidnaping and one count each of armed carjacking, armed robbery, and attempted armed robbery. On March 24, 2004, Dyson pleaded guilty in the Pearl River County Circuit Court to carjacking and armed robbery by the exhibition of a firearm. On April 23, 2004, Dyson was sentenced to serve ten years for the carjacking offense and twenty years, with ten suspended, for the armed robbery offense. The sentences were ordered to run consecutively to each other in the custody of Mississippi Department *173 of Corrections. On February 19, 2008, Dyson petitioned for post-conviction relief in the trial court. This petition was dismissed as time-barred by the trial judge.[1]
¶ 2. Dyson now appeals that dismissal alleging the following assignments of error: (1) he was exposed to double jeopardy; (2) he was denied his right to a fast and speedy trial; (3) he received ineffective assistance of counsel; (4) his guilty plea was not voluntarily and intelligently entered; and (5) his rights were violated by application of an ex post facto law.

ANALYSIS
¶ 3. A trial court's decision to dismiss a motion for post-conviction relief is insulated from appellate review unless it is determined that the trial court's decision was clearly erroneous. Willis v. State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005) (citing McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001)). A trial court may dismiss a motion for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss.Code Ann. § 99-39-11(2) (Rev.2007).
¶ 4. When a defendant pleads guilty to an offense, the corresponding petition for post-conviction relief must be filed within three years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev.2007). The only exceptions to this three-year statute of limitations are when a prisoner can show:
an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2). None of the above exceptions to the three-year time limitation apply in the current case.
¶ 5. While the supreme court has held that errors affecting fundamental constitutional rights may be excepted from procedural bars that would otherwise cause their dismissal, double jeopardy, ineffective assistance of counsel, involuntary guilty pleas, and speedy trial challenges all have been held to be time-barred. See Luckett v. State, 582 So.2d 428, 429-30 (Miss.1991); see also Marshall v. State, 680 So.2d 794, 794-95 (Miss.1996). Dyson cites no authority nor makes any argument supporting his ex post facto assignment of error. Therefore, all issues are without merit.

CONCLUSION
¶ 6. Accordingly, the circuit court's dismissal of Dyson's PCR petition as being time-barred is affirmed.
*174 ¶ 7. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE and MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS and CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
NOTES
[1] The memorandum opinion and order of summary dismissal was filed on February 19, 2008, but it was signed on February 14, 2007. This is most likely a clerical error seeing as Dyson did not sign his petition for post-conviction relief until January 31, 2008, and did not file the petition until February 19, 2008. The date on the opinion is ultimately irrelevant as the date on which Dyson signed the petition-January 31, 2008  was past the statutory time limit.