GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Willie Cherry, Jr., appeals the denial of his motion for post-conviction collateral relief. Cherry claims that: (1) he received ineffective assistance of counsel; (2) there was no factual bases for his guilty plea; (3) his guilty pleas were not knowingly and voluntarily entered into; (4) the circuit court was required to inform him of his right of appeal; (5) his sentence was excessive; (6) the prosecution withheld information; and (7) the circuit court erred when it denied his motion for post-conviction discovery. We find no error and affirm.
 

 
 *1051
 
 FACTS
 

 ¶ 2. Cherry was indicted for the crime of armed robbery, individually or while aiding and abetting Henry Jennings. Cherry pleaded guilty and was sentenced to a term of eight years in the custody of the Mississippi Department of Corrections. The sentence was to run consecutively to any prior sentences.
 

 ¶ 3. Cherry filed a motion for post-conviction collateral relief on May 7, 2007. The circuit court denied the motion without an evidentiary hearing.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Ineffective Assistance of Counsel
 

 ¶ 5. Cherry argues that he would not have pleaded guilty to armed robbery but for his counsel’s errors and lack of effort expended in his representation. Cherry claims that his counsel was ineffective because he failed to know the applicable law, failed to investigate the case, and advised Cherry to plea guilty blindly. Cherry contends that if his counsel had been effective and properly investigated the case, then his counsel would have informed the circuit court that Cherry was guilty of accessory after the fact, not aiding and abetting. Further, Cherry claims that his attorney never interviewed any witnesses and told him to plead guilty without any discussion of the consequences. Cherry contends that these errors made his guilty plea involuntary and unintelligent.
 

 ¶ 6. To prove ineffective assistance of counsel, a defendant must show that: (1) counsel’s performance was deficient, and (2) this deficiency prejudiced the defendant.
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance was effective.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶7. Cherry offers only his statements that allege the deficiencies of his counsel. Such allegations are directly contradictory to his statements made under oath. Further, Cherry failed to show his counsel’s inaction prejudiced the result in this case. Cherry admitted the factual bases for the charges were correct. He testified that his counsel reviewed the plea petition with him that he signed and submitted to the court.
 

 ¶ 8. We find that Cherry failed to prove any instance of deficiency on the part of his counsel. Furthermore, Cherry failed to show with reasonable probability that, but for his counsel’s unprofessional errors, the result of his proceeding would have been different. Accordingly, this issue is without merit.
 

 
 *1052
 

 2. Factual Bases of Cherry’s Guilty Plea
 

 ¶ 9. Cherry claims that no factual bases existed for the trial court’s acceptance of his guilty plea. “Before the trial court may accept a plea of guilty, the court must determine that ... there is a factual basis for the plea.” URCCC 8.04(A)(3). We look to the entire record to determine if such a factual basis exists.
 
 Drake v. State,
 
 823 So.2d 593, 594(¶ 5) (Miss.Ct.App.2002) (citing
 
 Corley v. State,
 
 585 So.2d 765, 767-68 (Miss.1991)). The mere fact that the factual basis does not provide all the details which may be produced at trial does not make the guilty plea invalid.
 
 Id.
 
 This Court has held that, “if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea.”
 
 Id.
 
 at (¶ 6) (quoting
 
 U.S. v. Hinojosa-Lopez,
 
 130 F.3d 691, 695 (5th Cir.1997) (overruled on other grounds)).
 

 ¶ 10. The indictment alleged that Henry Jennings and Willie Cherry took from the presence of Joseph Chandler and/or Ricardo Hollingsworth $50 of the property of Joseph Chandler and $1,961.40
 
 of the
 
 property of Retzer Resources d/b/a McDonald’s. Further, it alleged that the taking was against the will of Joseph Chandler and/or Ricardo Hollingsworth and he/ they were in fear of immediate injury to his and/or their person by the exhibition of a pistol, a deadly weapon. After the reading of the indictment, the circuit court asked Cherry if he committed the crime charged. He responded, ‘Tes.”
 

 ¶ 11. Here, as in
 
 Drake,
 
 the indictment was specific as to the crime charged. Cherry’s indictment provided all of the elements of the offense of armed robbery. Those elements included: “(1) feloniously take or attempted to take another’s personal property; (2) from the person or from the presence; (3) against the person’s will; (4) by violence to his person, or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.”
 
 Clayton v. State,
 
 946 So.2d 796, 804(¶ 28) (Miss.Ct.App.2006) (citing Miss.Code Ann. § 97-3-79) (Rev.2000).
 

 ¶ 12. We find that the indictment was specific as to the crime of aiding and abetting armed robbery and that there was a sufficient factual basis to support Cherry’s conviction for armed robbery. Thus, this issue has no merit.
 

 3. Voluntariness of Cherry’s Guilty Plea
 

 ¶ 13. Cherry argues that his guilty plea was not knowingly and voluntarily entered into because no one explained to him what constitutes a deadly weapon. Specifically, he claims that a B.B. gun is not a deadly weapon within the armed robbery statute.
 
 See
 
 Miss.Code Ann. § 97-3-79 (Rev.2006). Further, Cherry argues that the circuit court never informed Cherry of all the elements of the crime.
 

 ¶ 14. A plea of guilty is binding only if it is entered voluntarily and intelligently.
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligently made when the defendant is informed of the charges against him and the consequences of his plea.
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992). The State read the charges in the indictment, and the following exchange then occurred:
 

 By the Court: All right. Mr. Cherry, do you understand that charge?
 

 By Mr. Cherry: Yes, sir.
 

 By the Court: Did you commit that offense?
 

 By Mr. Cherry: Yes, sir.
 

 [[Image here]]
 

 
 *1053
 
 By the Court: The least amount of time you can get is three years, and the most amount of time you can get is life by a jury. And you’ve already said to me earlier that your attorney has explained this to you; is that correct?
 

 By Mr. Cherry: Yes, sir.
 

 By the Court: Recommendation?
 

 By Ms. Mitchell: The State recommends a sentence of eight years in an institution under the supervision and control of the Mississippi Department of Corrections.
 

 By the Court: Did you accept this recommendation?
 

 By Mr. Cherry: Yes, sir.
 

 ¶ 15. An examination of the plea colloquy shows that the judge informed Cherry of the nature of the charges against him and the consequences of a guilty plea. Cherry’s argument that the plea was not voluntary because no one explained to him what constitutes a deadly weapon fails.
 
 See
 
 Miss.Code Ann. § 97-3-79. “A deadly weapon is defined as any object, article or means which, when used as a weapon is, under the existing circumstances reasonably capable of or likely to produce death or serious bodily harm to a human being upon whom the object, article, or means is used as a weapon.”
 
 Duckworth v. State,
 
 477 So.2d 935, 938 (Miss.1985). Although this Court has not specifically addressed whether a B.B. gun is a “deadly weapon,” the supreme court has found that a metal pellet gun which was unloaded and inoperable was a deadly weapon as a matter of law, because it could have been used to club a victim and inflict serious bodily injury.
 
 Id.
 
 As a matter of law, this weapon is a “deadly weapon” within the statute.
 

 ¶ 16. Because we find Cherry was informed of all the elements of the crime and that the B.B. gun constituted a “deadly weapon,” Cherry’s claim on appeal that his plea was involuntary and unintelligent because he claims that he did not know all of the elements and that a B.B. gun is not a “deadly weapon” is without merit.
 

 A
 
 Trial Court’s Requirement to Inform the Defendant of his Right to Appeal
 

 ¶ 17. Cherry contends that the trial court committed reversible error when it failed to advise him of his right to appeal his sentence through a direct appeal. Mississippi Code Annotated section 99-35-101 (Rev.2007) states that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.”
 
 See Cook v. State,
 
 990 So.2d 788, 793(¶ 11) (Miss.Ct.App.2008)
 
 [1]
 
 . However, a defendant may directly appeal the sentence given as a result of that plea even though a conviction from a guilty plea may not be directly appealed.
 
 Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989). Nevertheless, a trial court is not required to inform the defendant of his right to direct appeal his sentence after he enters a guilty plea.
 
 Cook,
 
 990 So.2d at 793(¶ 11). Thus, this issue is without merit.
 

 5. Excessive Sentence
 

 ¶ 18. Cherry alleges that he is not guilty of aiding and abetting; instead,
 
 *1054
 
 he claims he is guilty of being an accessory after the fact. As such, he argues that his sentence is excessive because eight years is above the maximum sentence for being an accessory after the fact of armed robbery. Cherry also argues that he did not admit to aiding and abetting a robbery by use of a deadly weapon.
 

 ¶ 19. However, as discussed above, Cherry did in fact admit to aiding and abetting an armed robbery with a pistol in his plea colloquy. Thereafter, the judge stated that the minimum sentence was three years, and the maximum sentence was life imprisonment for the charge.
 

 ¶ 20. The supreme court has stated that “sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.”
 
 Beamon v. State,
 
 9 So.3d 376, 380(¶ 11) (Miss.2009) (quoting
 
 Wall v. State,
 
 718 So.2d 1107, 1114 (Miss.1998)). Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.
 
 Corley v. State,
 
 536 So.2d 1314, 1319 (Miss.1988).
 

 ¶ 21. Since Cherry’s sentence was within the limits of the sentencing guidelines, this Court has no basis to regard Cherry’s sentence as excessive. This issue is without merit.
 

 6. Proseen,tonal Misconduct
 

 ¶ 22. Cherry claims that the State knowingly used false information and that the State failed to provide the pistol in discovery that was used in the armed robbery. Cherry avers that, had the grand jury known the weapon was a B.B. gun, he “most likely would have been indicted only for accessory after the fact.”
 

 ¶ 23. In order to establish prose-cutorial misconduct, the defendant must show: “(1) that the State possessed evidence favorable to the defendant; (2) that the defendant did not possess the evidence and could not have obtained it himself with reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.”
 
 Howell v. State,
 
 989 So.2d 372, 378(¶ 14) (Miss.2008).
 

 ¶ 24. Cherry failed to show that had the B.B. gun been disclosed to the defense and that had the grand .jury known that the weapon was a B.B. gun, a reasonable probability exists that the outcome of Cherry’s proceedings would have been different. Thus, he failed to show that the State is guilty of prosecutorial misconduct. This issue is without merit.
 

 7. Denial of Cherry’s Post-Conviction Discovery
 

 ¶ 25. Cherry claims that the circuit court acted arbitrarily and capriciously when it denied his motion for post-conviction discovery. In
 
 Fleming v. State,
 
 553 So.2d 505, 506 (Miss.1989), the supreme court stated where “[a] prisoner who has filed a proper motion pursuant to the [Mississippi Uniform Post-Conviction Collateral Relief] Act, and whose motion has withstood summary dismissal under section 99-39-11(2) (Supp.1989), may be entitled to trial transcripts and other relevant documents in the discovery provision in section 99-39-15 (Supp.1989), upon good cause shown and under the discretion of the trial judge.” A post-eonviction-relief petitioner is entitled to post-conviction discovery for good cause shown only if his motion withstands summary dismissal.
 
 Fleming,
 
 553 So.2d at 506.
 

 ¶ 26. Here, Cherry’s motion did not survive summary dismissal, and he failed
 
 *1055
 
 to show good cause for the discovery which he sought. In his brief, Cherry did not show how the grant of post-conviction discovery would have helped his case, and he only alleges that his motion should have been granted. Accordingly, we find that the circuit court did not act arbitrarily or capriciously when it denied Cherry’s request for post-conviction discovery. This issue is without merit.
 

 ¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . “As of July 1, 2008, an amended section 99-35-101 reads, 'Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.’ ’’
 
 Cook,
 
 990 So.2d at 793 n. 2.