*585
 
 MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. On May 12, 2003, Gary Lewis was indicted by a Pike County grand jury for one count of sale of cocaine and one count of conspiracy to sell cocaine. The offenses were alleged to have occurred in April and June 2002, respectively. On January 6, 2004, Lewis pleaded guilty to the conspiracy count, and the sale of cocaine charge was dropped pursuant to a plea agreement. On the conspiracy count, the circuit court sentenced Lewis to twenty years in the custody of the Mississippi Department of Corrections. The sentencing order was filed and the conviction entered on January 7, 2004.
 

 ¶2. At the sentencing hearing, Lewis was sentenced on three additional counts of conspiracy to sell cocaine, for which he was sentenced to twenty years imprisonment on each count. Lewis was also sentenced to twenty-five years imprisonment for a single count of sale of cocaine. All four conspiracy sentences were ordered to be served concurrently to each other, but the sentence on the sale count was ordered to be served consecutively to the sentences on the conspiracy counts. The circuit court ordered the final twenty-eight years of the total sentence suspended, with five years’ post-release supervision.
 
 [1]
 

 ¶ 8. On January 17, 2008, Lewis filed the instant motion for post-conviction relief, asserting that: his guilty plea was not voluntary or sufficient; he received ineffective assistance of counsel; and the circuit judge should have recused himself from taking Lewis’s guilty plea.
 
 [2]
 
 On February 18, 2008, the circuit court dismissed Lewis’s motion without an evidentiary hearing. Lewis subsequently filed a motion for an out-of-time appeal, which the circuit court granted on September 29, 2008.
 

 STANDARD OF REVIEW
 

 ¶ 4. “A trial court’s decision to dismiss a motion for post-conviction relief is insulated from appellate review unless it is determined that the trial court’s decision was clearly erroneous.”
 
 Dyson v. State,
 
 996 So.2d 172, 173 (¶ 3) (Miss.Ct.App.2008) (citing
 
 Willis v. State,
 
 904 So.2d 200, 201 (¶ 3) (Miss.Ct.App.2005)). A trial court may dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2009).
 

 DISCUSSION
 

 1. Statute of Limitations
 

 ¶5. Although the circuit court addressed the merits of Lewis’s motion in its order of dismissal, we are compelled to note that Lewis’s motion was filed more than four years after the entry of his conviction and sentence. Mississippi Code Annotated section 99-39-5(2) (Supp.2009) states that a motion for post-conviction relief “in case of a guilty plea, [shall be made] within three years after entry of the
 
 *586
 
 judgment of conviction.” The statute enumerates certain exceptions to this statute of limitations:
 

 (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
 

 (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
 

 (b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 Id.
 
 Nothing in the record indicates that any of these exceptions are applicable to this case. However, “errors affecting fundamental constitutional rights” may be excepted from this procedural bar.
 
 Ivy v. State,
 
 731 So.2d 601, 603 (¶ 13) (Miss.1999). Nevertheless, “the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.”
 
 Stovall v. State,
 
 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004). “[Djouble jeopardy, ineffective assistance of counsel, involuntary guilty pleas, and speedy trial challenges all have been held to be time-barred.”
 
 Dyson,
 
 996 So.2d at 173 (¶ 5) (citations omitted). We find the time bar generally applicable to Lewis’s petition; however, we shall briefly address the merits of the claims made.
 

 2. Factual Basis
 

 ¶ 6. Lewis argues that his guilty plea lacked a sufficient factual basis because he made no admissions during the guilty plea colloquy that: he had “knowingly” conspired to commit the sale of cocaine; he had known that “such actions” were illegal; or his criminal acts had been committed within the jurisdiction of the Pike County Circuit Court. Because the trial court must determine the existence of a factual basis for a guilty plea before accepting the plea, we shall address this issue notwithstanding the time bar.
 
 Boddie v. State,
 
 850 So.2d 1205, 1209 (¶ 16) (Miss.Ct.App.2002) (citing URCCC 8.04).
 

 ¶ 7. Lewis’s argument that he was required to admit that he subjectively knew, at the time of the conspiracy, that his actions
 
 [3]
 
 were illegal is without merit because subjective knowledge of the illegality of such acts is not required to support a conviction for conspiracy. Mississippi Code Annotated section 97-1-1(1) (Supp.2009) states, in pertinent part, that conspiracy may be proven where “two ...
 
 *587
 
 or more persons conspire ... to commit a crime ... or [t]o accomplish any unlawful purpose, or a lawful purpose by any unlawful means.... ” There is no requirement that Lewis must have subjectively known that either the conspiracy or the underlying crime of sale of cocaine was illegal to support a conviction for conspiracy.
 

 ¶ 8. Lewis’s remaining arguments regarding the factual basis are also without merit. Lewis argues that he did not admit during the plea colloquy that he had “knowingly” entered the conspiracy or that the events had occurred within the jurisdiction of the circuit court. During the plea colloquy, Lewis acknowledged that he was pleading guilty to conspiracy to sell cocaine and stated that he was pleading guilty because he was guilty and for no other reason. Lewis admitted that he had reviewed the State’s discovery material with his attorney and that he was satisfied that the State could have proven him guilty of conspiracy beyond a reasonable doubt. Lewis is correct that he did not explicitly state that he had “knowingly” conspired or that the crime had occurred within the jurisdiction of the circuit court. Nonetheless, failure to fully establish a factual basis during the plea colloquy is not necessarily reversible error; we look to the entire record to determine whether a factual basis exists.
 
 Drake v. State,
 
 828 So.2d 593, 594 (¶ 5) (Miss.Ct.App.2002) (citing
 
 Corley v. State,
 
 585 So.2d 765, 767-68 (Miss.1991)). This Court has held that “if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea.”
 
 Id.
 
 at (¶ 6) (quoting
 
 United States v. Hinojosa-Lopez,
 
 130 F.3d 691, 695 (5th Cir.1997) (overruled on other grounds)). The indictment appears in the record, and it alleges both that “Lewis ... did wilfully, unlawfully, feloniously and knowingly conspire and agree ... to commit the crime of unlawful sale of cocaine .... ” and that this occurred “in Pike County, Mississippi, and within the jurisdiction of this court....” These arguments are without merit.
 

 3. Voluntary Plea
 

 ¶ 9. Regarding Lewis’s argument that his guilty plea was not voluntarily entered, he asserts only that the trial court failed to advise him of his right to appeal his sentence through a direct appeal. We find this issue procedurally barred by the statute of limitations.
 

 ¶ 10. Lewis’s argument fails on the merits as well. At the time that Lewis pleaded guilty, section 99-35-101 of the Mississippi Code Annotated (Rev.2007) denied appeal from the circuit court to the supreme court “in any case where the defendant enters a plea of guilty.” However, this section was not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea.
 
 See Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989) (“an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself’).
 
 [4]
 
 Nonetheless, we have previously held that a trial court is not required to inform the defendant of his right to direct appeal his sentence after he enters a guilty plea.
 
 Cook v. State,
 
 990 So.2d 788, 793 (¶ 11) (Miss.Ct.App.2008).
 

 4. Recusal
 

 ¶ 11. In his motion for post-conviction relief, Lewis argues that the circuit judge who presided over his guilty plea,
 
 *588
 
 the Honorable Keith Starrett, was illegally appointed to the case after the original circuit judge, the Honorable Mike Smith, recused.
 
 [5]
 
 Lewis asserts that only the Mississippi Supreme Court could appoint a replacement judge after Judge Smith re-cused himself. Lewis also argues that Judge Starrett himself had a conflict of interest that precluded him from presiding over the case, although Lewis does not explain what this alleged conflict of interest was. Lewis asserts only that Judge Starrett had recused from a “companion case” involving another defendant and that Judge Starrett and Judge Smith were colleagues. Lewis’s allegations provide little more detail and are unsubstantiated except by his own affidavit. Furthermore, it appears that Lewis waived the recusal issue because he made no contemporaneous objection to Judge Starrett’s presiding over his guilty plea.
 
 Wilcher v. State,
 
 863 So.2d 776, 794 (¶ 21) (Miss.2003). Because nothing in the record suggests any merit to either of these claims, we find the recu-sal issue without merit, waived by failure to make a timely objection, and barred by the statute of limitations.
 

 5. Ineffective Assistance of Counsel
 

 ¶ 12. This issue is also barred by the statute of limitations.
 
 Dyson,
 
 996 So.2d at 173 (¶ 5). Notwithstanding the procedural bar, it is also without merit. Lewis’s principal complaint alleging ineffective assistance of counsel is his counsel’s failure or refusal to object to Judge Star-rett’s presiding over the guilty plea. Lewis’s motion is, again, only supported by his own affidavit. In post-conviction-relief cases, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . From the record, it appears that there were a total four indictments, Pike County Circuit Court cause numbers 03-181, 03-182, OS-185, and 03-190. Each indictment consisted of one count of sale of cocaine and one count of conspiracy to sell cocaine. It is unclear how Lewis came to be convicted under both counts of the first indictment, 03-181, but Lewis pleaded guilty to the remaining three counts of conspiracy to sell cocaine. The three counts of sale of cocaine were then dismissed pursuant to a plea agreement. The instant motion for post-conviction relief was addressed only to a single count of conspiracy to sell cocaine, under cause number 03-182.
 

 [2]
 

 . The motion and an attached affidavit from Lewis slate that they were sworn on January 9, 2008.
 

 [3]
 

 . It is unclear whether Lewis’s argument is that he never admitted to knowing it was illegal to sell cocaine or to conspire to sell it.
 

 [4]
 

 . Section 99-35-101 of the Mississippi Code Annotated has been amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and
 
 is sentenced,
 
 then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2009) (emphasis added).
 

 [5]
 

 . We note that when Lewis pleaded guilty, Keith Starrett was a duly-elected circuit judge for Pike County, Mississippi.