MYERS, J.,
 

 for the Court:
 

 ¶ 1. On June 8, 2006, Corey Lewis pleaded guilty to armed robbery. Pursuant to an agreed recommendation, he was sentenced to twenty years, with twelve years suspended and eight to serve in the custody of the Mississippi Department of Corrections. On May 8, 2008, Lewis filed a motion for post-conviction relief (PCR), seeking to set aside his guilty plea. Lewis contended that: (1) the trial court failed to advise him of his right to appeal his sentence; (2) he did not admit to all of the elements of the offense; (3) he received constitutionally ineffective assistance of counsel; and (4) his sentence was illegal. The circuit court dismissed Lewis’s PCR motion without an evidentiary hearing, and Lewis appeals. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 2. A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2010). “On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009) (internal quotations omitted). We review the dismissal of a PCR motion for an abuse of discretion, and we will not disturb the trial court’s factual findings unless they are shown to be clearly erroneous.
 
 Burrough v. State,
 
 9 So.3d 368, 371 (¶ 6) (Miss.2009);
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). But we will reverse and remand for a hearing if the movant has “alleged facts which require further inquiry in the expanded setting of an evi-dentiary hearing.”
 
 Mitchener v. State,
 
 964 So.2d 1188, 1192-93 (¶ 10) (Miss.Ct.App. 2007) (quoting
 
 Jones v. State,
 
 949 So.2d 872, 873 (¶ 3) (Miss.Ct.App.2007)).
 

 DISCUSSION
 

 1. Factual Basis for Guilty Plea
 

 ¶ 3. Lewis contends that, in offering his plea, he did not admit to all of the elements of the crime of armed robbery. In particular, Lewis asserts that he did not state that he knowingly committed the crime or that he knew armed robbery was a criminal act. Lewis maintains, instead, that he was only the driver of the car used in the robbery and that he did not know
 
 *86
 
 the intentions of his passengers or that a robbery had been committed.
 

 ¶ 4. Before the trial court may accept a guilty plea, the court must determine that there is a factual basis for the plea. URCCC 8.04(A)(3).
 

 ¶ 5. Lewis’s claim that he did not admit to knowingly committing the crime of armed robbery is belied by the record in this case. In his petition to enter a plea of guilty,
 
 [1]
 
 Lewis stated:
 

 My lawyer advises me that the elements of the charge to which I am pleading guilty are as follows:
 

 unlawfully take from the person and presence of another property by placing the person in fear of immediate injury to the person by the exhibition of a deadly weapon.
 

 I submit the following facts I state to be true, and feel that all of the above elements are proven by these facts:
 

 I unlawfully took from the person money by placing the person in fear of immediate injury to his person by the exhibition of a deadly weapon.
 

 Therefore, I am guilty and ask the Court to accept my plea of guilty. During the plea colloquy, the State gave the following factual basis for the plea:
 

 On or about June 15, 2004[,] two individuals entered Bob’s Furniture Store, Bailey Avenue, Jackson, Mississippi[.][B]oth had guns, both participated in robberies. One of these individuals was Corey Lewis. Lewis and Christian Robinson were apprehended across the street, or in the area of Bob’s Furniture Store, just shortly after the robbery occurred. They were [patted] down and found to have material and money that was implicated in the robbery of Bob’s Furniture Store. At that point both these individuals were taken downtown, both Robinson and Lewis confessed and signed confessions that they participated in the robbery of Bob’s Furniture Store.... All this occurred within the First Judicial District of Hinds County, Mississippi.
 

 After this, the following exchange occurred:
 

 THE COURT: You’ve heard the statement of the Assistant District Attorney. Do you admit that each and every one of those facts as stated is true and correct?
 

 LEWIS: Yes, sir.
 

 THE COURT: Do you therefore admit your guilt to this crime?
 

 LEWIS: Yes, sir.
 

 ¶ 6. The record firmly establishes a factual basis for Lewis’s guilty plea. This issue is without merit.
 

 2. Right to Appeal the Sentence; Legality of Sentence
 

 ¶ 7. In his next issues, Lewis argues that the trial court failed to advise him of his right to appeal his sentence. Lewis contends that he would have successfully appealed his sentence, based upon his age
 
 [2]
 
 and the harshness of the sentence imposed. When Lewis pleaded guilty in June 2006, Mississippi Code Annotated section 99-35-101 (Rev.2007) denied an appeal from the circuit court to the supreme court “in any case where the defendant enters a plea of guilty.”
 
 [3]
 
 How
 
 *87
 
 ever, this section was not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea.
 
 See Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989) (“an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself’). Nonetheless, we have previously held that the circuit court is not required to inform the defendant of his right to a direct appeal of his sentence after he enters a guilty plea.
 
 Cook v. State,
 
 990 So.2d 788, 793 (¶ 11) (Miss.Ct.App.2008).
 

 ¶8. Lewis also contends that he was illegally sentenced under the armed robbery statute when he was at best an accessory to the crime. He also denies using a gun in the robbery. These claims are, again, belied by his own sworn statements in the record.
 

 ¶ 9. Lewis also asserts that the sentence violated his right to equal protection under the United States Constitution because it was a product of racial bias. Lewis claims that a white defendant would not have received the same sentence. He offers nothing in support of this allegation, and the claim fails because “[c]onelusory allegations alone, without concrete facts to support those allegations, are an insufficient basis for this Court to grant the requested relief.”
 
 Bates v. State,
 
 914 So.2d 297, 299 (¶ 7) (Miss.Ct.App.2005).
 

 ¶ 10. Generally, “[sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.”
 
 Hoops v. State,
 
 681 So.2d 521, 537 (Miss.1996). “Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.”
 
 Id.
 
 at 538. For the crime of armed robbery, Lewis faced a potential maximum sentence of life imprisonment. The trial court followed the agreed recommendation — which stemmed from a plea agreement — and sentenced Lewis to serve only eight years. Lewis’s sentence has not been shown to be illegal.
 

 ¶ 11. These issues are without merit.
 

 3. Ineffective Assistance of Counsel
 

 ¶ 12. Lewis argues that he received constitutionally ineffective assistance of counsel for several reasons.
 

 ¶ 13. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)). The burden of proof for both prongs rests with the defendant.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990).
 

 ¶ 14. Lewis first asserts that his counsel was deficient in allowing the circuit court to accept his guilty plea without determining that Lewis knew he had a right to appeal his sentence. We have already addressed this contention and found it to be without merit. Lewis next claims that defense counsel was deficient for allowing him to plead guilty without knowing the elements of the offense or the maximum and minimum punishments for the offense. These claims are belied by the record, as
 
 *88
 
 the sworn petition to enter of a plea of guilty clearly demonstrates that Lewis knew the elements of armed robbery and the maximum and minimum sentences provided by the statute. Moreover, during the plea colloquy, the trial judge again advised Lewis of the sentence he faced:
 

 THE COURT: Do you understand that the minimum sentence for this particular crime is three years in the penitentiary, and the maximum is life in prison?
 

 LEWIS: Yes, sir.
 

 ¶ 15. Lewis also contends that defense counsel was deficient for allowing him to plead guilty when he was, according to his representations, “only an accessory or an aider and abettor.” This is contradicted by Lewis’s own sworn statements in the plea petition and during the plea colloquy. The Mississippi Supreme Court has held that “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required.”
 
 Young v. State,
 
 781 So.2d 1120, 1122-28 (¶ 10) (Miss.1999). Lewis makes various other allegations, but they are supported only by assertion in his brief.
 
 [4]
 
 The supreme court has stated that, in cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 16. Lewis fails to demonstrate that he received ineffective assistance of counsel. This issue is without merit.
 

 4. Supplementation of the Record on Appeal
 

 ¶ 17. In his final issue, Lewis takes issue with the record on appeal. Lewis apparently believes that the transcript of the plea hearing is not part of the record, and he contends that the State should bear responsibility for this, as he properly designated it as part of the record.
 

 ¶ 18. As the transcript of the plea hearing is found in the record, we find this issue moot.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The portion of the petition handwritten by Lewis appears as italics.
 

 [2]
 

 . Lewis does not mention his age in his brief, but the sentencing order states he was born on September 19, 1980.
 

 [3]
 

 .Section 99-35-101 of the Mississippi Code Annotated was amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Su
 
 *87
 
 preme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2010).
 

 [4]
 

 . Among other things, Lewis claims defense counsel should have gotten him a suspended sentence as a "youthful offender” and that he had a factual defense to the charges, which defense counsel failed to investigate.