IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. On January 10, 2007, Troy Anthony Williams pleaded guilty to two counts of sexual battery. Following his plea, the
 
 *1039
 
 Jackson County Circuit Court sentenced Williams to two twenty-year sentences, with ten years of each suspended, to be served concurrently in the custody of the Mississippi Department of Corrections. On January 8, 2010, Williams filed a motion for post-conviction relief (PCR), which the circuit court denied. Feeling aggrieved, Williams appeals and asserts that: (1) the circuit court lacked jurisdiction; (2) his guilty plea was invalid; and (3) he received ineffective assistance of counsel.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. On June 6, 2004, Williams admitted to his wife, Amy Jones,
 
 [1]
 
 that he had sexually abused her eight-year-old daughter, Laura. Amy reported the abuse to the police and took Laura to the emergency room. Nurse Jennie Jackson interviewed both Amy and Laura. Amy stated that Williams had admitted to inserting his finger into Laura’s vagina, performing oral sex on Laura, and “humping” Laura. Laura told Nurse Jackson that Williams had inserted his finger into her vagina “many times.” Dr. Ronald Rosenquist performed a physical examination of Laura, but he found no vaginal or rectal trauma.
 

 ¶ 4. On June 7, 2004, the police interviewed Williams. During the interview, Williams admitted that he had touched Laura on her “privates”; however, he denied having sexual intercourse with her.
 

 ¶ 5. Additional facts, as necessary, will be related during our discussion and analysis of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 6. When reviewing a circuit court’s denial of a PCR motion, factual findings will not be disturbed unless they are clearly erroneous.
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008). However, questions of law are reviewed de novo.
 
 Id.
 

 1. Jurisdiction
 

 ¶ 7. Williams argues that the circuit court lacked jurisdiction because there was no proof that the acts of sexual battery occurred in Jackson County, Mississippi. According to Williams, he and his family, including Laura, lived in Pennsylvania from 2001 to 2003; therefore, any criminal acts that occurred during that period fell outside of the circuit court’s jurisdictional limits.
 

 ¶ 8. Based on our review of the record, we find sufficient evidence that the acts occurred in Jackson County. During Williams’s plea colloquy, he stated under oath that the acts occurred between 2002 and 2004 in Jackson County. Williams’s sworn statements in open court comport with the indictment, which states that the acts of sexual battery occurred “in Jackson County, Mississippi, on or about 2002 to 2004.” Williams has presented no evidence, other than his own affidavit, that the acts did not occur in Jackson County. The Mississippi Supreme Court has stated that “[s]olemn declarations in open court carry a strong presumption of verity.”
 
 Harris v. State,
 
 806 So.2d 1127, 1130 (¶ 9) (Miss.2002) (quoting
 
 Baker v. State,
 
 358 So.2d 401, 403 (Miss.1978)). Additionally, this Court has held that “[w]hen a defendant makes sworn statements under oath at a plea hearing, and later contradicts
 
 *1040
 
 those statements with a self-serving affidavit, very little weight should be accorded the affidavit.”
 
 Williams v. State,
 
 923 So.2d 242, 245 (¶9) (Miss.Ct.App.2006) (citing
 
 Templeton v. State, 725
 
 So.2d 764, 767-68 (¶¶ 11-12) (Miss.1998)). Therefore, we give very little weight to Williams’s self-serving affidavit that he was living in Pennsylvania from 2001-2003, because that assertion is contradicted by his previous sworn testimony at the plea hearing. Williams has failed to explain the inconsistency between his sworn statements at the plea hearing and his affidavit, and he has provided no other evidence that the circuit court lacked jurisdiction. Accordingly, this issue is without merit.
 

 2. Guilty Plea
 

 ¶ 9. Williams contends that his guilty plea was invalid because the circuit court failed to make a determination that a sufficient factual basis existed for his plea, to inform him of the elements of the charges against him, and to accept his guilty plea and adjudicate him guilty.
 

 a. Factual Basis for Plea
 

 ¶ 10. Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court provides that “[bjefore the [circuit] court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” Our supreme court has further explained that “[t]he factual-basis component of the rule requires that, ‘before it may accept the plea, the circuit court have before it,
 
 inter alia,
 
 substantial evidence that the accused did commit the legally defined offense to which he is offering the plea.’ ”
 
 Burrough v. State,
 
 9 So.3d 368, 373 (¶ 14) (Miss.2009) (quoting
 
 Corley v. State,
 
 585 So.2d 765, 767 (Miss.1991)).
 

 ¶ 11. At the plea hearing, the State explained that if the case went to trial, it would put forth “evidence, including the child’s testimony, as well as other corroborating evidence, that in fact there was digital penetration and that he did in fact insert his penis as well.” Furthermore, Williams admitted under oath that he had “touched [his] stepdaughter in an inappropriate way on her body.”
 

 ¶ 12. Finally, the circuit court read Williams’s indictment in open court. The indictment set forth the charges against Williams and listed the elements of sexual battery. This Court has held that “if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea.”
 
 Lewis v. State, 48
 
 So.3d
 
 583, 587 (¶8)
 
 (Miss.Ct.App.2010) (quoting
 
 Drake v. State,
 
 823 So.2d 593, 594 (¶ 6) (Miss.Ct.App.2002)). After reading the indictment, the circuit court asked Williams if he had read the indictment, if he understood it, and if he had discussed the charges with his attorney. Williams answered in the affirmative. Based on our review of the record, we find that there was a sufficient factual basis for Williams’s plea. This issue is without merit.
 

 b. Instruction on Elements of Charge
 

 ¶ 13. Williams contends that his plea was involuntary because he was not properly instructed regarding the elements of the crime of sexual battery. “A plea is voluntary if the defendant knows what the elements are of the charge against him[,] including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea.”
 
 Wilson v. State, 577
 
 So.2d 394, 396-97 (Miss.1991).
 

 ¶ 14. At the plea hearing, the circuit court explained to Williams that he had been charged with two counts of sexual battery. The circuit court asked Williams whether he understood the nature of the
 
 *1041
 
 charges and whether he had had an opportunity to discuss them with his attorney. Williams answered in the affirmative. Then, as mentioned above, the circuit court read Williams’s indictment, which listed the elements of sexual battery. The circuit court asked Williams whether he had read and understood the indictment, and he indicated that he had.
 

 ¶ 15. The circuit court explained that by pleading guilty, Williams would waive his right to a trial by jury, right to confront adverse witnesses, and right to protection against self-incrimination. The circuit court asked Williams whether he understood that he was waiving these rights by pleading guilty, and he indicated that he did. The circuit court also explained the maximum and minimum sentences associated with sexual battery, and Williams stated that he understood the possible sentences.
 

 ¶ 16. Based on our review of the plea colloquy, it is clear that Williams understood the nature and the elements of the charge of sexual battery, the possible sentence, and the constitutional rights that he was waiving by pleading guilty. Therefore, we find that Williams’s plea was voluntary. This issue is without merit,
 

 c.
 
 Acceptance of Guilty Plea
 

 ¶ 17. Williams asserts that his guilty plea is invalid because the circuit court failed to accept his guilty plea and adjudicate him guilty. In support of his assignment of error, Williams cites Rule 11.01 of the Uniform Rules of Circuit and County Court, which states in pertinent part: “A defendant is adjudged guilty when the defendant has been found guilty by a verdict of the jury, found guilty by the court sitting as the trier of fact, on the acceptance of a plea of guilty, or on acceptance of a plea of nolo contendere.” In its sentencing order the circuit court stated the following:
 

 [T]he [c]ourt after first advising the defendant of the legal and constitutional rights applicable in the premises, and satisfied that the defendant understood those legal and constitutional rights, and further being satisfied that the defendant knowingly, freely, voluntarily, and intelligently entered a plea of guilty herein, with full understanding of the nature of the crime charged, the maximum punishment for such crime, and otherwise understood the consequences of the guilty plea,
 
 did accept the defendant’s guilty plea.
 

 (Emphasis added). It is clear from the record that the circuit court accepted Williams’s guilty plea and adjudicated him guilty. As such, this issue is without merit.
 

 3. Ineffective Assistance of Counsel
 

 ¶ 18. Williams argues that he received ineffective assistance of counsel because his attorney failed to inform him of the elements of sexual battery, to inform him that the State lacked sufficient evidence to prove that he had committed sexual battery, and to keep him informed regarding the status of his case.
 

 ¶ 19. To succeed in a challenge to the effectiveness of counsel, Williams must prove that his attorney was deficient and that this deficiency prejudiced him.
 
 Doss v. State,
 
 19 So.3d 690, 694-95 (¶ 7) (Miss.2009) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Both prongs must be pleaded with specific detail.
 
 Coleman v. State,
 
 749 So.2d 1003, 1012 (¶27) (Miss. 1999). In the context of PCR cases, specificity requires more than a party’s own affidavit or mere assertions made within his brief.
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 
 *1042
 
 ¶ 20. Williams has failed to produce any evidence, other than his own affidavit, in support of his claim of ineffective assistance of counsel. Therefore, he has failed to meet the standards in
 
 Strickland,
 
 and
 
 Vielee.
 
 Furthermore, during his plea colloquy, Williams stated under oath that he was fully satisfied with his attorney’s services. This issue is without merit.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . To protect the privacy of the minor victim and her family, the names of the victim and her mother have been changed.