MYERS, J.,
for the Court.
¶ 1. Benny Ray Blansett pled guilty to aggravated assault of a law enforcement officer in 1980. In 2001, he filed a petition for post-conviction relief, which the Circuit Court of Marion County summarily dismissed as barred by the applicable statute of limitations. We affirm.
STATEMENT OF THE FACTS
¶ 2. On May 30, 1980, Benny Ray Blan-sett, Jerry Wayne Mulford, and Timothy Mathews pled guilty to aggravated assault on a law enforcement officer, in violation of section § 97 — 3—7(2)(b) of the Mississippi Code of 1972. The Circuit Court of Marion County sentenced Blansett to fifteen years in the custody of the Mississippi Department of Corrections. In 1991, while still serving the aggravated assault sentence, Blansett either escaped or attempted to escape, and was convicted of violating section 97-9-45 of the Mississippi Code.
*167 ¶ 3. In July 2001, Blansett submitted a motion for post-conviction collateral relief and/or to set aside his guilty plea before Judge Prichard of the Circuit Court of Marion County. Judge Prichard denied the motion and Blansett appeals that decision, asserting the following issues:
1. THAT THE CIRCUIT COURT VIOLATED HIS CONSTITUTIONAL RIGHTS BY FAILING TO INFORM HIM OF HIS RIGHT AGAINST SELF INCRIMINATION GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
2. THAT HIS RIGHT TO EFFECTIVE COUNSEL, GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE 3, SECTION 26 OF THE MISSISSIPPI CONSTITUTION,[1] WAS VIOLATED.
3. THAT THE CIRCUIT COURT VIOLATED BLANSETT’S CONSTITUTIONAL RIGHTS BY NOT INFORMING HIM OF HIS RIGHT TO CONFRONT HIS ACCUSERS.
4. THAT IT WAS ERROR FOR THE CIRCUIT COURT TO ALLOW A SINGLE COURT-APPOINTED LAWYER TO REPRESENT THREE CO-DEFENDANTS WITHOUT INFORMING THEM OF THE POTENTIAL CONFLICTS OF INTEREST.
5. THAT IT WAS ERROR FOR THE CIRCUIT COURT TO FIND BLAN-SETT’S GUILTY PLEA WAS GIVEN FREELY, VOLUNTARILY, AND INTELLIGENTLY.
LEGAL ANALYSIS
Blansett’s First, Third and Fifth Assignments of Error
¶ 4. Normally, a petition for post-conviction relief is time-barred three years after the last appeal, or three years after when the petitioner could have taken the last appeal. Miss.Code Ann. § 99-39-5(2).[2] However, allegations of violations of fundamental rights are an exception to this procedural bar. Luckett v. State, 582 So.2d 428, 430 (Miss.1991).
¶ 5. By pleading guilty to aggravated assault of a law enforcement officer, Blansett waived three fundamental rights. “First, is the privilege against compulsory self-incrimination guaranteed by the fifth amendment and applicable to the states by the fourteenth. Second, is the right to trial by jury. Third is the right to confront one’s accusers.” Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (citations omitted); Miller v. State, 788 So.2d 70, 72 (¶ 5) (Miss.Ct.App.2000). A defendant must execute such a waiver intelligently and understandingly. Boykin, 395 U.S. at 242, 89 S.Ct. 1709. Uniform Circuit and County Court Rule 8.04.A.3 states a plea “is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.”
¶ 6. The transcript of Blansett’s plea hearing attests the lengths to which Judge Prichard went to ensure Blansett entered *168 his plea knowingly, intelligently, and voluntarily:
Q: [By the court]: All right, now, Mr. Cooper represents you in this case; does he not?
A: [Blansett]: Yes, sir.
Q: And he has met with you and discussed this case with you and gone into the facts and circumstances with you out of which this case arose?
A: Yes, sir.
Q: Now, Benny Ray, has he also explained to you the possible sentence that this charge carries if you were found guilty or pled guilty to this charge?
A: Yes, sir.
Q: You understand you could receive up to thirty years on this charge?
A: Yes, sir.
Q: Now, Benny, since you were arrested on this charge, at any time up to and including right now, has anyone with any law enforcement agency, the District Attorney’s office, the County Attorney’s office, or anybody else mistreated you, abused you, coerced you or intimidated you in any manner?
A: No, sir.
Q: Has anybody threatened you or made any promises to you?
A: No, sir.
[[Image here]]
Q: [D]o you understand that you have every right to enter a plea of not guilty and to have your case set for trial and then for a jury to determine your guilt or innocence?
A: Yes, sir.
Q: Now, Benny, you understand that if you plead guilty that you’re no longer entitled to a trial by jury, and that I’ll have to sentence you according to your plea?
A: Yes, sir.
[[Image here]]
Q: [H]ave you understood everything up till now?
A: Yes, sir.
¶ 7. Judge Prichard went on to ask Blansett these questions a second time. By all indications, Blansett knew his rights, understood he would waive those rights by pleading guilty, and entered a plea of his own free will. There is no evidence in the record to suggest otherwise. Blansett’s “solemn declarations in open court ... carry a strong presumption of verity.” Gardner v. State, 531 So.2d 805, 810 (Miss.1988). Blansett “was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties.... ” Brady v. United States, 397 U.S. 742, 756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Court therefore places no credence in Blansett’s argument that he was not made aware of his rights against self-incrimination and to confront his accusers or that his guilty plea was not knowing, intelligent and voluntary.
Blansett’s Second and Fourth Assignment of Error
¶ 8. Blansett claims that by having one court-appointed attorney represent him and his two co-defendants, he was denied effective assistance of counsel as required by the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. As with his assignments of error discussed supra, this is a fundamental right, and is an exception to the time bar in Miss. Code Ann. § 99-39-5(2). Dunn v. State, 693 So.2d 1333, 1339-40 (Miss.1997) (citing Smith v. State, 434 So.2d 212, 218 (Miss.1983)).
*169 ¶ 9. “It is well-settled that ... joint representation is not per se violative of the constitutional guarantees of effective assistance of counsel; however, prejudice is presumed if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer’s performance.” Armstrong v. State, 573 So.2d 1329, 1333 (Miss.1990) (citing Burger v. Kemp, 483 U.S. 776, 783, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987)). The Mississippi Supreme Court adopted this standard in Stringer v. State, 485 So.2d 274 (Miss.1986). The supreme court elaborated further, stating this presumption is “insufficient to impugn a criminal conviction. To demonstrate a violation of his sixth amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer’s performance.” Id. at 275.
¶ 10. Blansett fails to show that joint representation of the three co-defendants adversely affected his lawyer’s performance. He claims that the court allowed conflicting testimony, that his lawyer “did nothing” to keep Blansett from incriminating himself, and the trial court failed to advise him of the conflict. All three of these allegations fail to find any support when compared with the hearing transcript.

A.Conflicting Testimony

¶ 11. The Court fails to see any “conflicting testimony” in the transcript. All three co-defendants pled guilty. What Blansett cites as conflicting testimony is the testimony of co-defendant Mulford. Mulford says that he did not actually see Blansett “snap” a pistol at Deputy Sheriff Paul Stewart. He also says that he has no knowledge that would exculpate Blansett. Specifically, Mulford states he was “too scared” and “wasn’t looking at everything.” While Blansett correctly quotes Mulford’s testimony as saying that it was Mulford and others who jumped on the deputy, Blansett conveniently leaves out the next question and answer, “[Q:] All right, when you jumped on [the deputy], who took his pistol? [A:] Benny Ray [Blansett].” This testimony does nothing to conflict with Blansett’s admission of events leading to his conviction.

B. Self-Incrimination

¶ 12. As discussed supra, Blansett waived his constitutional privilege against self-incrimination when he pled guilty. Further, he entered this plea knowingly, intelligently, and voluntarily.

C. Duty of the Trial Court

¶ 13. Both the trial court and prosecutor have a duty to notify a defendant of potential conflicts of interest by counsel. Smith v. State, 666 So.2d 810, 813 (Miss.1995). The circuit court did explore this, asking Blansett:
Q: [H]as [your lawyer] ... done everything that you feel he should have done to properly represent you in this matter?
A: Yes, sir.
Q: Do you know of anything he’s done as your attorney that you feel that he should not have done to properly represent you in this matter?
A: No, sir.
Q: All right, so are you fully and completely satisfied with the services that he has rendered to you as your attorney?
A: Yes, sir
¶ 14. Additionally, the United States Supreme Court has held “trial courts may assume either that multiple representation entails no conflict or that the lawyer and his client knowingly accept *170 such risk of conflict as may exist.... Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.” Cuyler v. Sullivan, 446 U.S. 335, 346, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (footnotes omitted). As such, the trial court did not violate a duty to advise Blansett of a conflict. The trial court’s inquiry shows Blansett accepted and waived any conflict present.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.

. In his brief, Blansett referred to Article "3-23” of the Mississippi Constitution. The Court has corrected this perceived error with what it believes to be the section to which Blansett was referring.

. Blansett was convicted prior to the post-conviction relief act's enactment on April 17, 1984. Therefore, he had until April 17, 1987 to file a petition for post-conviction relief. Patterson v. State, 594 So.2d 606, 607 (Miss.1992) (citing Odom v. State, 483 So.2d 343, 344 (Miss.1986)).