CARLTON, J.,
for the Court:
¶ 1. Billy Edwards appeals the Alcorn County Circuit Court’s order dismissing his motion for post-conviction relief (PCR) as time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp.2011). On appeal, Edwards raises the following assignments of error: whether (1) the sentence imposed by the court was excessive and disproportionate to the offense; (2) he was charged under a faulty indictment; (3) he entered an unknowing, involuntary, and unintelligent guilty plea; (4) he received ineffective assistance of counsel; (5) the acceptance of his guilty plea in the face of a conflict of interest violated his constitutional rights; and (6) he was subjected to a denial of due process when the trial court failed to advise him of the correct law in regard to appealing a sentence rendered upon a guilty plea. Finding no error, we affirm.
FACTS
¶ 2. On May 23, 2003, a grand jury before the Alcorn County Circuit Court indicted Edwards for burglary and larceny of a dwelling in Alcorn County cause number 03-183. The indictment stated, in part, as follows:
Billy Lee Edwards ... in said County and State on the 26th day of February ... 2003, did wilfully, feloniously and burglariously break and enter a certain dwelling owned and occupied by Mike Meteer, with the felonious and burglarious intent to take, steal and carry away the goods, chattels and personal property of the said Mike Meteer, in said dwelling being kept for use, sale or storage, and did then and there wilfully, feloniously and burglariously take, steal and carry away one Century Safe, 50 to 60 Pocket Knives, one Remington 870 12 gauge pump shotgun, one Browning bolt action 7 mm Rifle with [a] Nikon Scope, one Browning pump BPS 12 gauge shotgun with [a] Tentex Scope, one Magellan GPS Tracking System, one Compac Laptop Computer, and two boxes of Remington Heavy Shot 12 gauge shells, all of a value of $250 and more, good and lawful money of the United States, the personal property of Mike Meteer, in said dwelling being kept for use, sale or storage!.]
On February 2, 2004, Edwards pleaded guilty and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC).[1]
*640 ¶ 3. On February 10, 2011, Edwards filed a PCR motion, which the trial court denied as time-barred. Edwards now appeals.
STANDARD OF REVIEW
¶ 4. “A trial court’s dismissal of a PCR motion will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Evans v. State, 75 So.3d 1119, 1120 (¶ 4) (Miss.Ct.App.2011). However, we employ a de novo standard of review when issues of law are raised. Id.
DISCUSSION
I. TIME BAR
¶ 5. The trial court found that Edwards filed his PCR motion outside of the three-year statute of limitations as provided for in Mississippi Code Annotated section 99-39-5(2); thus, it was time-barred. We agree. According to section 99-39-5(2), a PCR motion following a guilty plea shall be made “within three (3) years after entry of the judgment of conviction.” Here, Edwards pleaded guilty on February 2, 2004. He subsequently filed his PCR motion on February 10, 2011 — well past the three-year statute of limitations.
¶ 6. Section 99-39-5(2) provides multiple exceptions to the three-year statute of limitations, including “an intervening state or federal supreme court decision that would adversely affect the outcome of the conviction, new evidence not reasonably available at the time of trial which would cause a different result in conviction, or an expired sentence.” Chandler v. State, 44 So.3d 442, 443 (¶ 6) (Miss.Ct.App.2010). Here, Edwards’s claims do not fall within any of the statutory exceptions. Nevertheless, in an attempt to circumvent the time bar, Edwards argues that this Court’s decision in Towner v. State, 837 So.2d 221, 227 (Miss.Ct.App.2003), is an intervening decision that, if applied, would cause a different result in his case, more specifically a lesser sentence. However, in contrast to Tovmer, Edwards was a previously convicted felon, and this Court has previously held that Towner did not satisfy the intervening-decision exception to the time bar. See Robinson v. State, 19 So.3d 140, 142 (¶ 11) (Miss.Ct.App.2009).
¶ 7. In Towner, Defendant Willie Town-er was convicted of selling cocaine and was sentenced to thirty years in the custody of the MDOC. Id. at 223 (¶ 1). Towner appealed arguing, among other things, that his case should be remanded because the sentence imposed by the trial court was disproportionate to his crime. Id. at 227 (¶ 19). The trial court agreed. Id. On his own motion, the trial judge asked this Court for authority to review Towner’s sentence because of his second thoughts that he may have been too harsh. Id. This Court subsequently granted the motion of the trial judge and remanded the case for a review of the sentence. Id. at (¶ 21).
*641 ¶ 8. This Court in Robinson, 19 So.3d at 142 (¶ 11), reviewed the Towner decision and found that Towner did not hold that every criminal defendant must be given a sentence proportionality hearing, as suggested by Edwards. The Robinson court stated as follows:
We find that Robinson’s reliance on Towner is misplaced as Towner did not create a new rule of law that requires a different result in Robinson’s case. Rather, in Towner, this Court sought guidance from prior supreme court decisions, White v. State, 742 So.2d 1126, 1135-38 (¶¶ 32-48) (Miss.1999) and Davis v. State, 724 So.2d 342, 345 (¶ 15) (Miss.1998), which both preceded Robinson’s guilty plea and sentencing hearing. Towner, 837 So.2d at 227 (¶ 21). More importantly though, in Towner, this Court did not hold that every criminal defendant must be given a sentence proportionality hearing. Much to the contrary, we carefully limited Towner’s application to the “uniqueness of [the ] particular case,” noting that the “trial judge acknowledge [d, ] he may have been too harsh and the prosecuting district attorney state [d ] he ha [d ] no objection to a re-sentencing hearing.” Id.
Robinson, 19 So.3d at 142-43 (¶ 11) (emphasis added). See also Moody v. State, 964 So.2d 564, 568 (¶ 18) (Miss.Ct.App.2007) (acknowledging the limited circumstances and application of Towner).
¶ 9. In this case, Edwards claims that the trial court imposed a sentence which, as a matter of law, is an excessive sentence. Edwards asks this Court to find that the sentence of twenty-five years imposed upon him for the non-violent offense of burglary constitutes a sentence which was constitutionally impermissible to the gravity of the offense. However, as in Robinson and Moody, in the present case, we are unable to find anything in the record to establish that the trial court had second thoughts about the length of Edwards’s sentence like the judge in Towner. Further, there is no evidence in this case that the State agreed to a resentencing. Therefore, even if Towner is considered an intervening decision, its application fails to affect the outcome of Edwards’s sentence.[2]
¶ 10. We have previously found that “a sentence that does not exceed the statutory maximum sentence allowed is not subject to appellate review and will not be disturbed on appeal.” Robinson, 19 So.3d at 143 (¶ 14). Here, Edwards was sentenced to twenty-five years in the custody of the MDOC.[3] The maximum sentence for the crime of burglary of a dwelling is twenty-five years. See Miss.Code Ann. § 97-17-23 (Supp.2011). Further, the record shows that Edwards’s counsel neither objected before the trial court to the sentence imposed nor objected to the court’s failure to conduct a proportionality analysis. As such, we find that this issue is without merit.
II. DEFECTIVE INDICTMENT
¶ 11. Edwards argues that his indictment was legally insufficient because the address of the dwelling he burglarized *642 was not given on the indictment. Edwards claims that without an address, there is no proof of whether the building was an inhabited dwelling.
¶ 12. “Claims alleging defective indictment are also barred when a motion for post-conviction relief is not filed within the three-year time limitation.” Barnes v. State, 949 So.2d 879, 881 (¶ 8) (Miss.Ct.App.2007) (citing Kelly v. State, 797 So.2d 1003, 1005 (¶ 4) (Miss.2001)). Moreover, “[e]ven if the indictment had been defective, [a defendant] waive[s] all technical and non-jurisdictional defects contained in the indictment by pleading guilty.” Clark v. State, 54 So.3d 304, 308 (¶ 9) (Miss.Ct.App.2011). Edwards waived his current claims of legal insufficiency of the indictment charging him with burglary and larceny of a dwelling when he entered his guilty plea to the charge. See also URCCC 8.04(A)(4)(c).
III. CONSTITUTIONAL CLAIMS
¶ 13. Edwards argues that his PCR motion should not be procedurally barred because his claims concern fundamental constitutional rights. Specifically, Edwards argues: (1) he was deprived of due process of law because the trial court failed to correctly advise him of the right to appeal his sentence; (2) he was denied due process of law when the trial court failed to conduct a competency hearing which rendered his guilty pleas unknowing, involuntary, and unintelligent; (3) his trial counsel rendered ineffective assistance by advising him to waive any conflict of interest arising from his counsel’s joint representation of his co-defendants and himself; and (4) the court’s acceptance of his guilty plea in the face of his trial counsel’s conflict of interest violated his constitutional rights.
¶ 14. In our consideration of these three claims of constitutional error, we acknowledge that while it is true that the statute of limitations does not apply to “errors affecting fundamental constitutional rights[,] • • • the mere assertion of a constitutional right violation is not sufficient to overcome the time bar.” Chandler, 44 So.3d at 444 (¶ 8). “There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Id. With this guidance in mind, we now turn to address each of Edwards’s constitutional assignments of error.
A. Right To Appeal
¶ 15. Edwards argues that his due-process rights were violated because the trial court failed to inform him of the correct law as to his right to a direct appeal of his sentence. Edwards asserts that the trial court incorrectly advised him that there was no right to appeal a sentence resulting from a guilty plea.[4] We find that Edwards’s claim fails on the merits.
¶ 16. “At the time that [Edwards] pleaded guilty, section 99-35-101 of the Mississippi Code Annotated (Rev.2007) denied appeal from the circuit court to the supreme court ‘in any case where the defendant enters a plea of guilty.’ ” Lewis v. State, 48 So.3d 583, 587 (¶ 10) (Miss.Ct.App.2010).[5] “However, this section was *643 not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea.” Id. (citing Trotter v. State, 554 So.2d 313, 315 (Miss.1989) (“[A]n appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself.”)). Nonetheless, this Court has “previously held that a trial court is not required to inform the defendant of his right to direct appeal his sentence after he enters a guilty plea.” Id. (citing Cook v. State, 990 So.2d 788, 793 (¶11) (Miss.Ct.App.2008)). Accordingly, we find that this issue is without merit.
B. Knowing, Voluntary, and Intelligent Guilty Plea
¶ 17. Edwards alleges that his guilty plea was not knowingly, voluntarily, and intelligently given. Specifically, Edwards asserts that the trial court violated his constitutional rights by failing to order him to submit to a mental-competency examination prior to accepting his guilty plea.[6] We find no merit to this argument.
¶ 18. Rule 9.06 of the Uniform Rules of Circuit and County Court states that:
If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with [section] 99-13-11 of the Mississippi Code Annotated of 1972.
(Emphasis added). Rule 9.06 also applies “to a defendant’s entry of a guilty plea.” Dillon v. State, 75 So.3d 1045, 1051 (¶ 17) (Miss.Ct.App.2010). “The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial.” Id. at (¶ 18). “The key phrase in Rule 9.06 in determining whether a competency hearing is required is ‘reasonable ground to believe that the defendant is incompetent.’ ” Dillon, 75 So.3d at 1051 (¶ 18). The determination of what is “reasonable” falls within the discretion of the trial judge because the judge views the evidence firsthand and “observe[s] the demeanor and behavior of the defendant.” Id.
¶ 19. The record shows that the trial judge presiding over the plea hearing took great measures to ensure Edwards knew exactly what he was doing by entering his guilty pleas and the consequences of doing so. Thus, the judge ensured Edwards’s plea was voluntary. The record further reflects that Edwards offered no evidence at the plea hearing questioning his competency. Therefore, the trial judge possessed no duty to order a mental-competency examination. Edwards’s claim of error erroneously asserts that the mere entry of a guilty plea triggers a need to order a mental-competency examination.
¶ 20. We find no evidence in the record contrary to the trial court’s finding that Edwards entered a knowing, voluntary, *644 and intelligent plea. See Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (“A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.”). This issue is without merit.
C. Conflict of Interest
¶ 21. Edwards argues that the trial court’s acceptance of his guilty plea in the face of his trial counsel’s alleged conflict of interest violated his constitutional rights because the law does not permit a guilty plea to waive a conflict-of-interest claim. Edwards also alleges that his trial counsel rendered ineffective assistance by advising him to waive his right to not be subjected to a conflict of interest.
¶ 22. While “[b]oth the trial court and prosecutor have a duty to notify a defendant of potential conflicts of interest by counsel,” Blansett v. State, 841 So.2d 165, 169 (¶ 13) (Miss.Ct.App.2002), the trial court did explore this, asking Edwards:
COURT: Now, Mr. [Clay] Nails is representing three of you and these charges overlap with each of you, which any time creates a potential conflict of interest on the part of your attorney. However, even [where] there is a potential conflict or an actual conflict of interest a defendant may waive that conflict and consent to the attorney representing not only yourself but your co-defendants. Mr. Nails, have you discussed this potential conflict with each of these three defendants?
NAILS: Yes, sir, we have.
COURT: Have they indicated to you whether or not they desire to waive this potential conflict of interest?
NAILS: Yes, sir. Each of these three individuals have expressed to me the desire to waive the conflict and proceed with their guilty plea today.
COURT: Mr. Edwards, do you understand that there is a potential conflict of interest with Mr. Nails representing you and also Mr. Clark and also Mr. Robinson?
EDWARDS: Yes, sir.
COURT: Knowing that, and having discussed it with Mr. Nails, do you wish to waive or give up any objection to him representing you?
EDWARDS: I don’t quite understand it, sir.
COURT: In other words, knowing that there is a potential conflict of interest, do you wish for Mr. Nails to continue to represent you in these cases?
EDWARDS: Yes, sir.
COURT: Mr. Edwards, do you consent to Mr. Nails not only representing you here today but also Mr. Clark and Mr. Robinson?
EDWARDS: Yes, sir.
¶ 23. “[T]he United States Supreme Court has held ‘trial coui'ts may assume either that multiple representation entails no conflict or that the lawyer and his client knowingly accept such risk of conflict as may exist.’ ” Id. at 169-70 (¶ 14) (quoting Cuyler v. Sullivan, 446 U.S. 335, 346, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). “Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.” Id. at 170 (¶ 14). The record in this case shows that the trial court did not violate a duty to advise Edwards of a conflict. Additionally, the record reflects that the trial court’s inquiry on the record shows Ed *645 wards accepted and waived any conflict due to the joint representation.[7]
¶ 24. Accordingly, we find that Edwards’s contentions are without merit.
CONCLUSION
¶ 25. We find that none of the statutory exceptions under 99-39-5(2) apply to Edwards’s case. We further find that nothing in Edwards’s PCR motion overcomes the procedural bar of section 99-39-5(2). We find no abuse of discretion in the trial court’s dismissal of Edwards’s PCR motion as time-barred.
¶ 26. THE JUDGMENT OF THE AL-CORN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. From the record, it appears that there were a total of four indictments brought against Edwards: Alcorn County Circuit Court cause numbers 03-183 and 03-184 and Prentiss *640 County Circuit Court cause numbers 03-271 and 03-272. Each indictment consisted of one count of burglary and larceny of a dwelling, and Edwards pleaded guilty to all counts. The trial court sentenced Edwards as follows: in 03-183, twenty-five years in the custody of the MDOC; in 03-184, twenty-five years in the custody of the MDOC to run concurrently with the sentence imposed in 03-183; in 03-271, twenty-five years in the custody of the MDOC to run concurrently with the sentences imposed in 03-183 and 03-184; and in 03-272, twenty-five years in the custody of the MDOC, with ten years to serve, fifteen years suspended, and five years of post-release supervision to run consecutively to the sentences imposed in 03-183, 03-184, and 03-271. Nine other indictments in Alcorn and Prentiss Counties were retired to file as part of the plea agreement. The instant motion for post-conviction relief addressed only a single count of burglary and larceny of a dwelling, under cause number 03-183.

. See URCCC 11.01 ("Where the defendant is adjudged guilty of the offense charged, sentence must be imposed without unreasonable delay.”). See also Shinn v. State, 74 So.3d 901, 904 (¶ 11) (Miss.Ct.App.2011) (“Although a circuit judge now has discretion on how to run the sentences, once the circuit judge pronounces a sentence in a felony case, a sentencing order is entered of record, and the term of court expires, the circuit judge is without jurisdiction to change or modify that sentence at a later time.”).

. Edwards was twenty-four years old at the time he entered his guilty plea.

. Presumably, Edwards is referring to the following statement by the trial judge at the plea hearing: "Do you understand that if you did go to trial and the jury found you guilty or convicted you, you would have the right to appeal that conviction to the Supreme Court, but if you enter a plea of guilty to these charges, and I accept your pleas of guilty, you will have no right to appeal whatsoever?”

. We pause to note that section 99-35-101 has been amended, effective July 1, 2008, to *643 state that "where [a] defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2011).

. In his appellate brief, Edwards states:
The [c]ourt was duty bound to conduct an evidentiary hearing given the knowledge of the mental and emotional condition of the defendant. It is the defendant’s position that once the motion to plead guilty was presented to the court[,] then the court had a duty to conduct a hearing to determine that defendant was incompetent to stand trial and to order the defendant to submit for a mental examination[.][T]he [c]ourt was statutorily bound to comply with the rule prior to trial and/or plea.

. This Court has held:
It is well-settled that joint representation is not per se violative of the constitutional guarantees of effective assistance of counsel; however, prejudice is presumed if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance.
Blansett, 841 So.2d at 169 (¶ 9) (quoting Armstrong v. State, 573 So.2d 1329, 1333 (Miss.1990)).