CARLTON, J.,
dissenting:
¶ 26. I respectfully dissent. I submit this dissent due to the following constitutional concerns in this case: (1) the violation of procedural due process by the denial of Bradley’s request for access to the State’s procedures for a psychiatric examination upon raising a reasonable question of his competency to stand trial, and (2) Bradley and his counsel presented sufficient evidence to satisfy his burden of proof to raise a reasonable question as to his legal competency to stand trial, and his ability to understand the proceedings and rationally assist in making his defense.
I. Constitutional Right to Not Be Tried While Legally Incompetent and Procedural Due Process
¶ 27. To satisfy constitutional procedural-due-process obligations, this case should be remanded with directions for the trial *1098 court to order a mental examination in accordance with Uniform Rule of Circuit and County Court 9.06, since the overwhelming weight of the evidence in the record before the trial court shows Bradley raised reasonable grounds to question his competence to stand trial.[1] The Mississippi Supreme Court in McGinnis v. State, 241 Miss. 888, 891, 133 So.2d 399, 401 (1961), previously addressed this issue in holding that compliance with due process required that, before trial, an inquiry must be made into the question of whether the defendant’s mental condition makes it impossible for him to conduct a rational defense. See also Miss. Code Ann. § 99-13-11 (Rev.2007); Medina v. California, 505 U.S. 437, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992); Patton v. State, 34 So.3d 563, 571-72 (¶¶ 24-25) (Miss.2010) (supreme court requires enforcement with judicial rules promulgated by supreme court pursuant to its constitutional authority); Sanders v. State, 9 So.3d 1132, 1136 (¶¶ 14-16) (Miss.2009) (competency hearing required if sufficient doubt raised about defendant’s competency).
¶ 28. In reviewing the denial by the trial court of Bradley’s request for access to a pretrial mental examination of his legal competency, we must recognize the demands of procedural due process as explained by the United States Supreme Court in Medina, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353, in regards to state criminal proceedings. The Supreme Court explained there that constitutional procedural due process required a state to comply with its own procedures set forth in its own criminal laws to ensure fairness in state court proceedings.[2] Id. at 450-51, 112 S.Ct. 2572. The Medina Court recognized that criminal defendants possess a constitutional right to not be tried while legally incompetent. Id. at 449, 112 S.Ct. 2572. In order to comply with procedural due process, states must provide a defendant with access to the state’s procedures for making a competency evaluation upon presentation of reasonable grounds to question the defendant’s competency.[3] See id. The Supreme Court explained that states must comply with their obligation to provide a defendant access to procedures, as defined by the particular state, for evaluating competency, even though the defendant bears the burden of proving a lack of legal competency after undergoing a mental evaluation. See id. State statutes requiring a mental evaluation by a medical expert reflect legislative deliberation in enacting laws to regulate the subject of expert evidence in determining legal competency in criminal trials.[4] *1099 State statutes requiring mental evaluations upon a sufficient showing provide the court with expert medical evidence from an impartial expert witness with no interest in the proceeding and no allegiance to either side of the controversy.[5]
¶ 29. The rules promulgated by the Mississippi Supreme Court, as set forth in the Uniform Rules of Circuit and County Court, like Medina, require compliance with judicial rules and applicable state and federal criminal laws to ensure fairness in the proceedings.[6] The supreme court in Patton specifically addressed enforcement of judicial rules, such as Rule 9.06, acknowledging that “the bench and bar” were entitled to rely on such enforcement by the judiciary. Patton, 34 So.3d at 572 (¶ 25). In Patton, the court acknowledged its previous precedent set forth in Sanders, 9 So.3d at 1136-39 (¶¶ 14-26), where the supreme court held that a trial court must conduct a competency hearing on a defendant’s motion, or sua sponte, if there is sufficient doubt about the defendant’s competency. See Patton, 34 So.3d at 571 (¶ 24). The supreme court further stated that trial courts possess a duty to comply with the judicial rules promulgated by the Mississippi Supreme Court using its constitutional powers. Id. at 572 (¶¶ 25-26).
¶ 30. This case addresses the failure of the trial court to grant the defense’s request for a mental examination by a psychiatrist in accordance with Rule 9.06. Jurisprudence reflects that the supreme court distinguishes between the mental examination and the on-the-record competency hearing. The mental examination provides the court with expert medical evidence to assist the court in determining the defendant’s competency to stand trial. In Sanders, 9 So.3d at 1136 (¶¶ 15-16), the trial court granted the defense’s motion for a mental examination.[7] However, upon conclusion of the mental examination, the trial court failed to provide a definitive on-the-record finding of competence, and the trial court held no competency hearing on the record. Therefore, the supreme court reversed and remanded for a new trial.[8] Both Rule 9.06 and section 99-13-11 require a mental examination when the defendant’s competence is reasonably in question.[9] Once the trial court receives evidence from any source raising a reasonable ground to believe the defendant lacks competence to stand trial, then the court is *1100 required to order a mental examination. URCCC 9.06; Dusky v. United States, 362 U.S. 402, 403, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
¶31. In McGinnis, 241 Miss. at 892, 133 So.2d at 402, the Mississippi Supreme Court found that the affidavit of the defendant’s attorneys sufficiently established a prima facie showing since the defendant’s attorneys stated in the affidavit that the defendant was incapable of conferring with his attorneys or making a rational defense. The attestation of Bradley’s counsel in this case, like the attorneys’ affidavit in McGinnis, established a prima facie showing that Bradley’s counsel had reasonable cause to question Bradley’s legal competence to stand trial, particularly in light of the additional evidence regarding Bradley’s disability.records, his full-scale IQ of 58, and the testimony of Gore as to her son’s lack of mental capacity.
¶ 32. In sum, our precedent establishes that constitutional procedural due process requires that the State provide the defendant access to the procedures for conducting a mental examination by a medical professional as set forth in Rule 9.06 upon presentation of reasonable grounds. Neither Rule 9.06, as promulgated by the Mississippi Supreme Court, nor section 99-13-11, allows the trial court to forego state-defined procedures for conducting a mental examination upon a showing of reasonable grounds to question the defendant’s competency. In light of the overwhelming evidence presented, significantly including the petition’s attestation by Bradley’s attorneys, I submit that the trial court erred in denying Bradley a mental examination finding that Bradley failed to show reasonable grounds to question his competency. Moreover, the trial court’s denial of the mental examination violated the demands of constitutional procedural due process to ensure fairness in the proceedings by failing to follow state procedures for the mental evaluation of the defendant by a medical expert to aid the court in determining the defendant’s legal competence to stand trial when reasonably in question. Martin v. State, 871 So.2d 693, 697 (¶ 17) (Miss.2004) (key consideration is whether trial court possessed reasonable grounds).
¶ 33. The standard for competence to stand trial is whether the defendant possesses “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding” and possesses a “rational as well as factual understanding of the proceedings against him.” Martin, 871 So.2d at 697-98 (¶ 17) (quoting Dusky, 362 U.S. at 402, 80 S.Ct. 788).
¶ 34. In Howard v. State, 701 So.2d 274, 280 (Miss.1997) (abrogated on other grounds) (citations omitted), the supreme court explained that the four-part test for competency to stand trial mandates that a defendant is one:
(1) who is able to perceive and understand the nature of the proceedings; (2) who is able to rationally communicate with his attorney about the case; (3) who is able to recall relevant facts; (4) who is able to testify in his own defense if appropriate; and (5) whose ability to satisfy the foregoing criteria is commensurate with the severity of the case.
¶ 35. Rule 9.06[10] further establishes that:
*1101 If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with [section] 99-13-11 of the Mississippi Code Annotated[.]
After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial.
¶ 36. “[T]o warrant a mental evaluation, the trial court must find from the evidence that there is a probability, not a mere possibility, that the defendant is incapable of making a rational defense.” Staten v. State, 989 So.2d 938, 946 (¶ 18) (Miss.Ct.App.2008) (citing Richardson v. State, 767 So.2d 195, 203 (¶ 41) (Miss.2000)). An appellate court “will affirm the trial court’s finding[11] that the evidence does not show a probability that the defendant is capable of making a rational defense unless the decision is against the overwhelming weight of the evidence.” Id. (footnote added). In this case, a review of the record shows that the trial court decision was against the overwhelming weight of the evidence. This dissent now addresses the overwhelming evidence raising reasonable grounds to question Bradley’s legal competence sufficient to warrant a mental examination in accordance with section 99-13-11 and Rule 9.06.
II. Appellant Presented Sufficient Evidence to Raise Reasonable Question as to his Legal Competence to Stand Trial
¶ 37. In this case, the record reflects that on August 23, 2010, the day of trial,[12] Bradley’s counsel filed a petition to determine Bradley’s mental competency. The petition alleged that Bradley was mentally retarded and lacked legal competency. Like the affidavit of counsel in McGinnis, 241 Miss. at 892, 133 So.2d at 402, Bradley’s counsel provided in the petition that he possessed reasonable cause to question Bradley’s competency to stand trial. The supreme court in McGinnis determined that the affidavit of defense counsel established a prima facie showing sufficient to raise a reasonable question as to the defendant’s legal competence. Id.
¶ 38. Additionally, Bradley’s counsel submitted a letter from R. Gawyn Mitchell, a disability appeals lawyer, which contained a summary of Bradley’s disability record reflecting that Bradley displayed mild retardation with a full-scale IQ of 58, and suffered from sleep apnea, obesity, and hypertension. The letter reflected *1102 Bradley possessed second-grade-level arithmetic skills.
¶ 39. Janice Gore, Bradley's mother, also testified regarding Bradley’s legal competence. Gore testified that Bradley depended upon her for shelter, food, and medical support. Gore further testified as to Bradley’s childlike mind, and she stated her belief that Bradley was incapable of working with an attorney to defend himself. Gore explained that Bradley lacked the ability to distinguish when people are telling the truth or doing things that are not in his best interest. She testified that she talked to Bradley about the upcoming trial. Gore explained in her testimony that she did not think Bradley understood the severity of the trial and the potential jail sentence.
¶ 40. The trial court also heard testimony from Mills, Bradley’s prior probation officer, who prepared a pre-sentence investigation report. After hearing testimony from all of the witnesses, the trial court found Bradley competent to stand trial, and the court proceeded with the trial without granting the mental examination by a psychiatrist or psychologist.
¶ 41. The majority cites Harden v. State, 59 So.3d 594 (Miss.2011), to support its finding of no abuse of discretion in the trial court’s denial of Bradley’s request for a mental examination. However, the facts in Harden relative to legal mental competence differ from the facts of the instant case. In Harden, the defense counsel filed no motion for a mental evaluation until after the trial court had rejected Harden’s guilty plea. Id. at 602-03 (¶¶ 17-18). The standard for legal competence is the same for the entry of a guilty plea as that required to stand trial. Dillon v. State, 75 So.3d 1045, 1051 (¶ 18) (Miss.Ct.App.2010). In contrast to the case before us, in Harden, the defense counsel filed no affidavit attesting to any concern of competence, and competence only arose as an issue after rejection of Harden’s plea by the court. Harden, 59 So.3d at 602 (¶ 17).
¶ 42. During Harden’s plea colloquy, Harden claimed he lacked the ability to understand some of the terminology or concepts in the plea petition, but the trial court found Harden only illustrated difficulty understanding issues unfavorable to him. Id. at 602-03 (¶ 18). The trial court also held that Harden failed to provide the court any evidence of his mental state other than his in-court comments and tape-recorded confession. Id. at 603 (1Í18).
¶ 43. In contrast to the Harden case, Bradley’s counsel stated in the petition for a mental examination filed below that he possessed reasonable cause to question Bradley’s competence to stand trial. As stated, the trial court heard further testimony from Bradley’s mother regarding Bradley’s inability to distinguish truth or understand the nature of the proceedings, as well as Bradley’s childlike behavior. The record reflects more than sufficient reasonable grounds to question Bradley’s legal competence based upon the following: the attestation of Bradley’s counsel in the petition to the court for a mental examination; the summary of Bradley’s disability record showing a full-scale IQ of 58; and the testimony of Bradley’s mother attesting to Bradley’s lack of mental competency impacting his ability to understand the nature of the proceedings.
¶ 44. The court in Harden employed no new or unfamiliar standard of review in its analysis. The Harden court relied upon Rule 9.06. Harden, 59 So.3d at 601 (¶ 14). The Harden decision provided that:
[o]n review, the pertinent question is whether the trial judge received information which, objectively considered, should reasonably have raised a doubt about [the] defendant’s competence and *1103 alerted [the judge] to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.
Id. (citations and quotation marks omitted). The Harden court cited the same authority used in this dissent: Lokos, 625 F.2d at 1261.
¶ 45. Based upon the foregoing, I respectfully submit that the record reflects sufficient evidence was presented to the trial judge objectively raising a reasonable question as to Bradley’s competency to stand trial; thus, the trial judge’s denial of the defense’s request for a mental evaluation was against the overwhelming weight of the evidence. To determine legal competency, the trial judge possesses a duty, pursuant to Rule 9.06, to order the mental examination. Therefore, I respectfully dissent from the opinion of the majority.

. See Emanuel v. State, 412 So.2d 1187, 1188-89 (Miss.1982)(The supreme court announced the procedure to be utilized where there is a serious question about an accused’s sanity or competency to stand trial. The trial court heard medical testimony from two psychiatrists and one psychologist, all finding the defendant legally competent. The trial court found the defendant failed to meet his burden and submitted the issue to the jury during trial); Richardson v. State, 767 So.2d 195, 203 (¶ 41) (Miss.2000) (acknowledging that procedures set forth in Emanuel had been approved by the U.S. Supreme Court, citing Evans v. State, 725 So.2d 613, 660 (Miss.1997)).

. The Court in Medina acknowledged a significant difference between a claim of legal incompetency and a claim of not guilty by reason of insanity.

. See Tarrants v. State, 236 So.2d 360, 364 (Miss.1970).

. Sanders, 9 So.3d at 1136 (¶¶ 14-16), 1139 (¶ 26) (reversed and remanded for a new trial where trial court ordered mental examination, but upon completion, trial court failed to make an on-the-record finding of competency); Coleman v. State, - So.3d -, - - (¶¶ 12-13) (Miss.Ct.App.2012)(mental examination ordered by trial court conducted by two psychologists and a psychiatrist; on ap *1099 peal, no error found in the trial court’s denial of the defense's request for a full competency hearing where trial court provided on-the-record finding of competence supported by the mental-examination conclusions).

. See McGinnis v. State, 241 Miss. 883, 893, 133 So.2d 399, 402 (1961).

. Patton, 34 So.3d at 572 (¶ 25).

. See URCCC 9.06; Miss.Code Ann. § 99-13-11. Both Rule 9.06 and section 99-13-11 require a mental examination when the defendant's competence is reasonably in question.

. Rule 9.06 provides a trial court "shall” order a psychiatric evaluation if the court has reasonable grounds to believe the defendant is incompetent to stand trial. Section 99-13-11 provides the circuit court may order a mental examination by a competent psychiatrist or psychologist when "the mental condition of a person indicted for a felony is in question.”

.Section 99-13-11 provides:
In any criminal action in the circuit court in which the mental condition of a person indicted for a felony is in question, the court or judge in vacation on motion duly made by the defendant, the district attorney or on the motion of the court or judge, may order such person to submit to a mental examination by a competent psychiatrist or psychologist selected by the court to determine his ability to make a defense; provided, however, any cost or expense in connection with such mental examination shall be paid by the county in which such criminal action is pending.

. Rule 9.06 now requires a competency hearing when a court orders a mental evaluation. However, prior to the supreme court promulgating this rule, the order of a mental evaluation did not automatically trigger a mandatory competency hearing. In Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir.1980), the United States Court of Appeals for the Fifth Circuit suggested the following test for *1101 reviewing a decision to forego a competency hearing:
Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competenc[y] and alerted him to the possibility that the defendant could neither understand the proceedings[,] appreciate their significance, nor rationally aid his attorney in his defense?

. The case presently before us concerns whether the trial court erred in denying the defense’s request for a mental exam by the identified medical expert. This case differs from cases where the trial court indeed ordered a mental examination and later denied a request for a competency hearing in court, when the mental examination reflected no basis to question legal competence.

. The record also shows that on the morning of trial, the senior judge in that district asked the trial judge to handle this case.